**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York

Case number *(If known)*: _________________________ Chapter 15

☐ Check if this is an amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding

12/15

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).**

1. **Debtor's name** Silk EV Cayman LP

2. **Debtor's unique identifier**

**For non-individual debtors:**

☐ Federal Employer Identification Number (EIN) __ __ – __ __ __ __ __ __ __

☑ Other 106968. Describe identifier Cayman Islands Reg. No..

**For individual debtors:**

☐ Social Security number: xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ____ ____ ____ ____

☐ Other ___________________________. Describe identifier ______________________________.

3. **Name of foreign representative(s)** Iain Gow and Andrew Morrison

4. **Foreign proceeding in which appointment of the foreign representative(s) occurred** In the matter of Silk EV Cayman LP, The Grand Court of the Cayman Islands, Financial Services Division, Cause No. FSD 302/2025 (JAJ)

5. **Nature of the foreign proceeding**

*Check one:*

☑ Foreign main proceeding
☐ Foreign nonmain proceeding
☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

6. **Evidence of the foreign proceeding**

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

______________________________________________________________________________

______________________________________________________________________________

7. **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☑ Yes

Debtor Silk EV Cayman LP
Name

Case number (*if known*) ______

**8. Others entitled to notice**

Attach a list containing the names and addresses of:

(i) all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii) all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

**9. Addresses**

**Country where the debtor has the center of its main interests:**

Cayman Islands

**Debtor's registered office:**

FTI Consulting (Cayman) Ltd Suite 3206,
53 Market Street, Camana Bay
Number Street

P.O. Box 30613
P.O. Box

Grand Cayman, KY1-1203
City State/Province/Region ZIP/Postal Code

Cayman Islands
Country

**Individual debtor's habitual residence:**

N/A
Number Street

P.O. Box

City State/Province/Region ZIP/Postal Code

Country

**Address of foreign representative(s):**

Same as above
Number Street

P.O. Box

City State/Province/Region ZIP/Postal Code

Country

**10. Debtor's website** (URL) ______

**11. Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

- ☐ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.
- ☑ Partnership
- ☐ Other. Specify: ______

☐ Individual

Debtor Silk EV Cayman LP
Name

Case number (if known)

**12. Why is venue proper in *this district*?**

*Check one:*

- ☑ Debtor's principal place of business or principal assets in the United States are in this district.
- ☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:
  ______________________________.
- ☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:
  ______________________________.

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✘ Iain Gow (signature)
Signature of foreign representative

Iain Gow
Printed name

Executed on 10/22/2026
MM / DD / YYYY

✘ ______________________
Signature of foreign representative

______________________
Printed name

Executed on ______________
MM / DD / YYYY

**14. Signature of attorney**

✘ /s/ Robert J. Gayda
Signature of Attorney for foreign representative

Date 10/23/2026
MM / DD / YYYY

Robert J. Gayda
Printed name

Seward & Kissel LLP
Firm name

One Battery Park Plaza
Number Street

New York | NY | 10004
City | State | ZIP Code

(212) 574-1200
Contact phone

gayda@sewkis.com
Email address

4290219 | NY
Bar number | State

# **Exhibit A**

## Certified Copy of Decision Commencing Foreign Proceeding and Appointing Foreign Representatives

**CAUSE NO: FSD 302 of 2025 (JAJ)**

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**
**FINANCIAL SERVICES DIVISION**

**IN THE MATTER OF THE COMPANIES ACT (2025 REVISION) AND THE EXEMPTED LIMITED PARTNERSHIP ACT (2025 REVISION)**
**AND IN THE MATTER OF SILK EV CAYMAN LP**

**BEFORE THE HONOURABLE JUSTICE JALIL ASIF KC**
**IN OPEN COURT**

**5 DECEMBER 2025**

## ORDER

**UPON** the Petition filed on 5 November 2025 by CAAM 1 S.R.L against Silk EV Cayman GP Ltd as general partner of Silk EV Cayman LP seeking an order that Silk EV Cayman LP be wound up pursuant to section 36(3) of the Exempted Limited Partnership Act (2025 Revision)

**AND UPON** reading the First Affidavit of Giovanni Tronchetti Provera and exhibit GTP-1 sworn on 16 October 2025; the First Affidavit of Iain Gow and exhibit IG-1 sworn on 21 October 2025; the First Affidavit of Andrew Morrison and exhibit AM-1 sworn on 21 October 2025; the Affidavit of Service of Brenda Funes and exhibit BF-1 sworn on 12 November 2025; and the First Affidavit of Shannon McKinnon and exhibit SM-1 sworn on 1 December 2025

**AND UPON** hearing Counsel for the Petitioner

**IT IS HEREBY ORDERED that:**

1. Silk EV Cayman LP ("**the Partnership**") shall be compulsorily wound up pursuant to section 36(3) of the Exempted Limited Partnership Act and, so far as applicable, in accordance with Part V of the Companies Act.

2. The following persons are hereby appointed joint official liquidators of the Partnership:

| Name | Address | Contact details |
|---|---|---|
| Andrew Morrison | FTI Consulting (Cayman) Ltd<br>Suite 3206, 53 Market Street | andrew.morrison@fticonsulting.com<br>+1 345 743 6833 |

THIS **ORDER** was filed by Campbells, Attorneys for the Petitioner, whose address for service and correspondence is Floor 4, Willow House, Cricket Square, P.O. Box 884, George Town, Grand Cayman KY1-1103, Tel: 345 949 2648 (Ref: LMF/JFI/17735-44494).

| Name | Address | Contact details |
|---|---|---|
| Iain Gow | Camana Bay<br>PO Box 30613<br>Grand Cayman KY1-1203 Cayman Islands | iain.gow@fticonsulting.com<br>+1 345 743 6849 |

3. The Joint Official Liquidators may act jointly and severally.

4. The Joint Official Liquidators are not required to give security for their appointment.

5. All of the Partnership's rights or property of every description, including all choses in action, held or deemed to be held by Silk EV Cayman GP Ltd as the Partnership's general partner ("**the General Partner**"), shall vest in the Joint Official Liquidators without the requirement for any further step to be taken and shall be held by the Joint Official Liquidators in accordance with the Exempted Limited Partnership Act and on the terms of this winding up Order.

6. The Joint Official Liquidators may engage staff in the Cayman Islands to assist them in the performance of their functions.

7. Subject to section 109(2) of the Companies Act, the Joint Official Liquidators' remuneration and expenses shall be a liability of the Partnership and shall be paid out of the Partnership's assets in accordance with the Companies Winding Up Rules (2023 Consolidation) and Part III of the Insolvency Practitioners' Regulations (2023 Consolidation).

8. No disposition of the Partnership's property by or with the authority of the Joint Official Liquidators in carrying out their duties and functions and the exercise of their powers under this Order shall be void by virtue of section 99 of the Companies Act.

9. No suit, action or other proceeding shall be proceeded with or commenced against the Partnership or against Silk EV Cayman GP Ltd as general partner of the Partnership, except with leave of the Court and subject to such terms as the Court may impose except for the winding up of Silk EV Cayman GP Ltd pursuant to Cause No. FSD2025-0301 before the Grand Court of the Cayman Islands.

10. The Petitioner's costs of and incidental to the Petition shall be paid out of the Partnership's assets as an expense of the liquidation, to be taxed on the indemnity basis if not agreed with the Joint Official Liquidators.

**Dated 5 December 2025**
Filed 9 December 2025

______________________________________

**THE HONOURABLE JUSTICE JALIL ASIF KC**
**JUDGE OF THE GRAND COURT**

THIS **ORDER** was filed by Campbells, Attorneys for the Petitioner, whose address for service and correspondence is Floor 4, Willow House, Cricket Square, P.O. Box 884, George Town, Grand Cayman KY1-1103, Tel: 345 949 2648 (Ref: LMF/JFI/17735-44494).

# Exhibit B

## Certified Copy of Sanctions Order

**FSD CAUSE NO. 302 OF 2025 (JAJ)**

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**
**FINANCIAL SERVICES DIVISION**

**IN THE MATTER OF THE COMPANIES ACT (2026 REVISION)**
**AND IN THE MATTER OF THE EXEMPTED LIMITED PARTNERSHIP ACT (2025 REVISION)**
**AND IN THE MATTER OF SILK EV CAYMAN LP (IN OFFICIAL LIQUIDATION)**

**BEFORE THE HONOURABLE JUSTICE JALIL ASIF**
**IN CHAMBERS**

**30 SEPTEMBER 2026**

## ORDER

**UPON** the summons filed on 11 August 2026 by Iain Gow and Andrew Morrison as the joint official liquidators of Silk EV Cayman LP (in Official Liquidation)

**AND UPON** reading the Second Affidavit of Iain Gow and exhibit IG-2 sworn on 10 August 2026

**AND UPON** reading the skeleton argument dated 23 September 2026 submitted on behalf of the joint official liquidators

**AND UPON** the Court considering the summons suitable to be disposed of on the papers without the need for an oral hearing

**IT IS HEREBY ORDERED that:**

1. The Court authorises the joint official liquidators to apply to the United States Bankruptcy Court for the appropriate district in New York for recognition of their appointment pursuant to Chapter 15 of the US Bankruptcy Code.
2. The Court authorises the joint official liquidators to engage Campbells LLP as their attorneys in the Cayman Islands on the terms of the engagement letter in exhibit IG-2.
3. The Court authorises the joint official liquidators to engage Seward & Kissell LLP as their attorneys in the United States of America on the terms of the engagement letter in exhibit IG-2.
4. The Court retrospectively authorises the execution by the joint official liquidators of the funding agreement dated 18 June 2026 in exhibit IG-2.

THIS **ORDER** was filed by Campbells, Attorneys for the JOLS, whose address for service and correspondence is Floor 4, Willow House, Cricket Square, P.O. Box 884, George Town, Grand Cayman KY1-1103, Tel: 345 949 2648 (Ref: LMF/JFI/17735-44494).

5. The Court dispenses with the requirement that the jols form a liquidation committee.
6. The second affidavit of Iain Gow 2, exhibit IG-2 and the skeleton argument filed in support of this summons shall be sealed until the conclusion of the liquidations of Silk LP and Silk EV Cayman GP Ltd (in Official Liquidation) or further order of the Court.
7. The joint official liquidators' costs of and incidental to the summons shall be paid out of the assets of Silk EV Cayman LP as an expense of the liquidation.

**Dated 30 September 2026**
Filed 30 September 2026

____________________________________
**THE HONOURABLE JUSTICE JALIL ASIF**
**JUDGE OF THE GRAND COURT**

THIS **ORDER** was filed by Campbells, Attorneys for the JOLS, whose address for service and correspondence is Floor 4, Willow House, Cricket Square, P.O. Box 884, George Town, Grand Cayman KY1-1103, Tel: 345 949 2648 (Ref: LMF/JFI/17735-44494).

# Exhibit C

## Response to Question 12

**Why is venue proper in this district?**

Upon information and belief, the Debtors' principal U.S. assets are located in this District. The Debtors have a retainer held in Seward & Kissel LLP's central bank account ending 7720 located in the borough of Manhattan, New York. As further explained in the *Declaration of the Foreign Representative* filed contemporaneously herewith, the Foreign Representatives are investigating the existence and location of other U.S.-based assets. To date, however, the Foreign Representatives have been unable to obtain complete books and records, banking records, accounting records, and information concerning the Debtors' investors and creditors despite repeated requests to the Debtors' former sole director. As a result, the Foreign Representatives have not yet been able to fully identify or confirm the existence and location of any other U.S. assets of the Debtors. Not only are the Debtors' currently known U.S. assets located in this District, but it is also the district where the Foreign Representatives' counsel is situated. Accordingly, even if such assets may exist in another district, venue in the Southern District of New York is consistent with the interests of justice and convenience of the parties.

# Exhibit D

## Consolidated Verified List

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Silk EV Cayman LP, *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-__________ (___)<br><br>(Joint Administration Pending) |

**CONSOLIDATED VERIFIED LIST PURSUANT TO**
**FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(a)(4)**

Pursuant to Rules 1007(a)(4), the attached schedules contemplate each of the following:

(i) all persons or bodies authorized to administer foreign proceedings of the Debtors (**Schedule A**);

(ii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code (**Schedule B**); and

(iii) all parties to litigation pending in the United States in which any Debtor is a party at the time of filing of the petition (**Schedule C**).

[1] The Debtors in these chapter 15 cases, along with the last four digits of each Debtor's business number, are Silk EV Cayman LP (6968) and Silk EV Cayman GP Ltd (2797). The Debtors' registered office is located at c/o FTI Consulting (Cayman) Ltd Suite 3206, 53 Market Street, Camana Bay, P.O. Box 30613, Grand Cayman, KY1-1203, Cayman Islands.

## Schedule A

**All persons or bodies authorized to administer foreign proceedings of the debtor:**

- Iain Gow and Andrew Morrison of FTI Consulting (Cayman) Ltd Suite 3206, 53 Market Street, Camana Bay, P.O. Box 30613, Grand Cayman, KY1-1203, Cayman Islands

# Schedule B

**All entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code:**

- The Foreign Representatives are not seeking provisional relief at this time but reserve all rights to seek such relief prior to the Court's ruling on the Petition for Recognition, including but not limited to entrusting the administration of the Debtors' assets located in the United States to the Foreign Representatives in order to protect and preserve the value of any assets pursuant to 11 U.S.C. § 1519(a)(2) and seeking expedited discovery pursuant to 11 U.S.C. § 1519(a)(3).

## Schedule C

**All parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition:**

- The Foreign Representatives are aware of the action commenced by CAAM 1 S.r.l. and Point Nemo Holdings S.r.l. against Silk EV Cayman LP in the Supreme Court of the State of New York, New York County, Commercial Division, Index No. 650412/2024, which resulted in the Judgment described in the *Recognition Motion*.

# **Exhibit E**

## Corporate Ownership Statement

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Silk EV Cayman LP, *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-__________ (___)<br><br>(Joint Administration Pending) |

**CORPORATE OWNERSHIP STATMENT PURSUANT TO**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(a)(4) AND 7007.1**

In accordance with the requirements of Rules 1007(a)(4) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Iain Gow and Andrew Morrison, in their capacities as the foreign representatives (the "Foreign Representatives") of Silk EV Cayman LP ("Silk LP") and Silk EV Cayman GP Ltd ("Silk GP" and together with Silk LP, the "Debtors"), which are respondents in foreign proceedings in the Cayman Islands, Cause No. FSD 301 of 2025 (JAJ) (in respect of Silk GP) and Cause No. FSD 302 of 2025 (JAJ) (in respect of Silk LP) (together, the "Foreign Proceeding"), filed before the Grand Court of the Cayman Islands, Financial Services Division (the "Grand Court"), pursuant to the Cayman Islands Companies Act (as revised) (the "Companies Act") and, in the case of Silk LP, the Exempted Limited Partnership Act (2025 Revision) (the "ELP Act"), have commenced the above-captioned chapter 15 cases ancillary to the Foreign Proceeding and submit the following corporate ownership statement of the Debtors: to the best of the Foreign Representatives' knowledge, information, and belief, there is no corporation that owns 10% or more of any class of the Debtors' equity interests.

[1] The Debtors in these chapter 15 cases, along with the last four digits of each Debtor's business number, are Silk EV Cayman LP (6968) and Silk EV Cayman GP Ltd (2797). The Debtors' registered office is located at c/o FTI Consulting (Cayman) Ltd Suite 3206, 53 Market Street, Camana Bay, P.O. Box 30613, Grand Cayman, KY1-1203, Cayman Islands.

# Exhibit F

## Official Form 202

**Fill in this information to identify the case and this filing:**

Debtor Name Silk EV Cayman LP

United States Bankruptcy Court for the: Southern District of New York (State)

Case number (*If known*): ______________________

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration Rule 1007(a)(4) Statement and Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 10/22/2026
MM / DD / YYYY

✗ Iain Gow
Signature of individual signing on behalf of debtor

Iain Gow
Printed name

Joint Official Liquidator
Position or relationship to debtor